# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Black plastic manual camera (non-digital)

*APPLICATION AND AFFIDAVIT*
*FOR SEARCH WARRANT*

Case Number: 3: 09-SW-0009 CMK

I, Stephen W. Frick, being duly sworn depose and say:

I am a Special Agent and have reason to believe that
☐ on the person of or ☒ on the property or premises know as (name, description and/or location)

**See Attachment A, attached hereto and incorporated by reference**

in the _____ EASTERN _____ District of _____ CALIFORNIA _____
there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment B, attached hereto and incorporated by reference**

which is (state one or more bases for search set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

**evidence of a crime, contraband, fruits of crime or other items illegally possessed**

concerning a violation of Title **21** United States code, Section (s) **846 and 841(a)(1)**
The facts to support a finding of probable cause are as follows: **SEE ATTACHED**
Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Affiant
Stephen W. Frick

Sworn to before me and subscribed in my presence,

Date  10-29-09     at Redding,          CA
                      City              State

Craig M. Kellison,         U.S. Magistrate Judge
Name of Judge              Title of Judge

_____
Signature of Judge

AUSA Daniel S. McConkie, 916-554-2725

**FILED**

OCT 29 2009

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

# AFFIDAVIT

I, Stephen W. Frick, being duly sworn, depose and hereby state:

1.  I am a Special Agent for the United States Forest Service. My duties focus on investigating manufacturing of controlled substances, specifically marijuana.

2.  I make this affidavit in support of an application for a warrant to search the black plastic camera (not digital) recovered from the camp of the marijuana garden where Grijalba ROSALES-WENCESLAO was arrested, for evidence, fruits and instrumentalities of violations of 21 U.S.C., section 841(a) (manufacturing a controlled substance). This requested search would include developing the film in the camera. As described below, the camera was found in the marijuana garden, on August 20, 2009 when ROSALES-WENCESLAO was apprehended and at least two unidentified individuals fled on foot, leaving their personal property. I believe that ROSALES-WENCESLAO or his co-conspirators used the camera while manufacturing marijuana. As further described below, there is probable cause to believe that concealed within the camera recovered from the marijuana garden, a black plastic manual camera with flash, black plastic electrical tape and no identifying letters and/or numbering, there exists evidence, fruits and instrumentalities of violations of 21 U.S.C., sections 841(a) and 846.

3. The purpose of this affidavit is to set forth facts establishing probable cause to support the issuance of the requested search warrant. The information contained in this affidavit is based either on my own personal knowledge or on information provided to me by other law enforcement officers. Not all facts known to me are necessarily contained in this affidavit. The affidavit is limited to the facts relevant to probable cause for the requested search warrant.

## EXPERIENCE AND TRAINING

4. I have fourteen (14) years of law enforcement experience; the last eleven years I have been conducting federal and state investigations on the National Forests. Currently I am assigned to Northern California on the Shasta/Trinity National Forest in Redding, California and am responsible for investigating criminal activity impacting the National Forest Lands, which include the manufacturing and distribution of marijuana.

5. My formal training relating to controlled substance investigations include:

    1993 - California Peace Officers Standards and Training, College of the Redwoods Police Academy (17 weeks)

    1997 - Crime Scene Investigation and Reconstruction School, California Department of Justice    (2 weeks)

    1998 – Drug Influence Recognition Training / 11550 Health and Safety Code (8 hours)

    1999 - Land Management Training Program, Federal Law Enforcement training Center (17 weeks)

    1999 - Title 21 U.S.C. Training (80 hours)

    2000 – DEA Aerial Observation School (40 hours)

    2002 – Helicopter Tactical Short-Haul (24 hours)

    2004 - DEA Basic Drug Law Enforcement School (80 hours)

    2006 - Campaign Against Marijuana Planting (C.A.M.P.) Training (21 hours)

    2007 – Criminal Investigator Training Program (11 weeks)

6. I have participated in over 100 marijuana cultivation and distribution cases in and outside National Forest Lands. I have conducted over 50 aerial reconnaissance missions to detect marijuana

cultivation on National Forest Lands and have confirmed those sites from the ground. Subsequent to the detection of illegal activities and in conjunction with the execution of my duties as a Law Enforcement Officer and Special Agent, I have apprehended numerous suspects in connection with illegal marijuana manufacturing operations located upon and in connection with National Forest Service Lands. I have assisted Special Agents in the investigation of distribution of controlled substances in over 100 cases. I have investigated over 100 marijuana cases as the case agent or lead investigator. I have testified in state court a minimum of three times for cultivation and possession of marijuana for sales. I have participated in investigations that have led to the arrest and conviction of defendants for controlled substance related crimes including marijuana production. I have interviewed defendants suspected of committing crimes associated with controlled substances and am familiar with their tactics and techniques used to cultivate marijuana both indoors and outdoors. I have seized marijuana processed and packaged in numerous forms. I have been in over 100 outdoor marijuana gardens. I have located over five indoor marijuana cultivation sites and have provided affidavits for search warrants. Over the course of my law enforcement experience I have assisted in the eradication of over 100,000 marijuana plants. As a result of my training and experience, I have encountered and become familiar with various tools, methods, trends, paraphernalia, and related items utilized by various manufacturers and traffickers in their effort to conduct illegal enterprise including the manufacturing and distribution of marijuana. I know that drug manufacturing and/or trafficking are often continuing activities, which last over several months and years. Repeated drug activity over lengthy periods of time generates a great amount of evidence. I know that drug traffickers in furtherance of illegal activities utilize devices such as telephones, radios, cellular telephones, pagers, beepers, cameras and or other devices to store information pertaining to co-conspirators and their activities affiliated with the manufacturing of a controlled substance.

**APPLICABLE LAWS**

7. A person violates 21 U.S.C. § 841(a)(1) by knowingly or intentionally manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance.

8. A person violates 21 U.S.C. § 846 by conspiring to commit a violation of 21 U.S.C. § 841.

**FACTS ESTABLISHING PROBABLE CAUSE**

9. On July 16, 2009, I and Deputy Mark POTTS of the Trinity County Sheriff's Department were conducting an aerial reconnaissance flight near the town of Hayfork, California on the Shasta-Trinity National Forest, in Trinity County, California. We located a large marijuana manufacturing site ("garden") near the Kottmeier Mine.

10. On August 20, 2009, officers from the United States Forest Service began operations at this garden. Ten officers from the Forest Service and the Trinity County Sheriff's Department entered the site to arrest suspects responsible for manufacturing the marijuana.

11. Once inside the garden, the officers began to look for suspects. They found footprints that appeared less than a day old. They located a trail leading through the marijuana plants and continuing down the drainage towards Little Creek, which ran through the drainage. The trail was heavily used and easily identifiable.

12. The officers continued down the trail across Little Creek and onto the east side of the drainage. The trail began heading up the hill and eventually came to an intersection. One of the heavily used trails continued up the hill in an eastern direction and the second trail continued south, contouring the hill and following the drainage.

13. Sgt. Michael RIST led a few officers down the lower trail traveling south paralleling Little Creek. On the trail they located a camp. Three suspects were sitting in the

camp, next to some processed marijuana and within 15 feet of marijuana plants. Shortly thereafter, the suspects appeared to notice the officers and they began to flee. The officers loudly announced that they were the police and ran towards the suspects, who continued to flee.

14. Grijalba ROSALES-WENCESLAO, from Mexicali, Mexico, was apprehended. The other two suspects escaped.

15. Upon searching the area of the small camp in the garden, I found a black plastic manual camera with flash, black plastic electrical tape and no identifying letters and/or numbering in the area of the camp. The camera was found in the camp's sleeping area next to personal property of an unidentified suspect. The camera appeared to contain film and was securely closed with the black electrical tape.

16. Upon leaving the marijuana garden, Mr. ROSALES-WENCESLAO asked officers if he could take some of his clothes from the camp. They told him that he could. He identified a black duffle bag as his and told officers which articles of clothing he wanted to take with him. Officers placed those articles of clothing in the duffle bag. The black duffle bag identified by Mr. ROSALES-WENCESLAO was on the opposite side of the sleeping area, away from the camera. Based on the circumstances in which this camera was found, it does not appear that the camera belonged to Mr. ROSALES-WENCESLAO. However, I am seeking a search warrant in an abundance of caution.

17. A total of 3,931 marijuana plants were eradicated from the garden.

///

///

///

## CAMERA MAY CONTAIN EVIDENCE OF THE CONSPIRACY

18. I met with Detective Mike Rist from the Trinity County Sheriff's Department on September 4, 2009, who turned the camera over to me. The camera is currently being stored as evidence at the United States Forest Service Office, Shasta-Trinity National Forest, 6101 Airport Road, Redding, California.

19. I know, based on my training, experience and working closely with other experienced Special Agents and Law Enforcement Officers, that cameras are commonly used in illegal activities including outdoor manufacturing of marijuana. Criminals often take photographs of their activities to show off to their friends and family and to further the conspiracy by documenting their activities for the benefit of other co-conspirators. Based on my training and experience, and the results of the investigation to date, including the location of the camera found in the marijuana garden, I believe that the camera was used by one or more of the individuals engaged in the marijuana manufacturing conspiracy as part of the activities of the co-conspirators in the conspiracy. By obtaining pictures and information stored in the camera, I believe I will be able to identify additional co-conspirators in this marijuana manufacturing operation.

20. Based on the facts set forth in this affidavit, I have probable cause to believe that the camera to be searched, as described in Attachment A (which is attached hereto and incorporated by reference herein), is an instrumentality and contains evidence, as described in Attachment B (which is attached hereto and incorporated by reference herein), of violations of Title 21, United States Code, Section 841(a), to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; and Section 846, conspiracy to do same.

///

///

21. I swear, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____
Stephen Frick
Special Agent, USDA Forest Service


Approved as to form:

__/s/ Daniel S. McConkie_____
Assistant United States Attorney

Sworn and subscribed to before me this 29 day of October

_____
HON. CRAIG M. KELLISON
United States Magistrate Judge

7

## ATTACHMENT A

### Item to be searched and seized

A black plastic manual camera with flash sealed with black plastic electrical tape and containing no identifying letters and/or numbering, stored as evidence in this case at the United States Forest Service Office, Shasta-Trinity National Forest, 6101 Airport Road, Redding, California.

## ATTACHMENT B
### Items to be seized

All film stored within the camera, for the purpose of developing and retrieving the information and images stored on the film, relating to the conspiracy to manufacture marijuana. This information will include but is not limited to photographs of co-conspirators, persons known to co-conspirators whose presence in the photographs may establish the identity of the co-conspirators, vehicles, residences, places and other items involved in the manufacturing of marijuana.